UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOEY GADDIS, et al.,     Plaintiffs,

v.     Civil Action No. 3:17-cv-755-DJH

ANTHONY HARRISON, et al.,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This action arises from an altercation between members of a road-construction crew and Kentucky State Police Trooper Anthony Harrison. (*See* Docket No. 1) Plaintiffs Joey Gaddis, Damon Johnson, and Cynthia West—crewmembers involved in the altercation—bring this action against Harrison and Kentucky State Police Sergeant Jeremy Mabe, seeking damages under 42 U.S.C. § 1983 and Kentucky common law. (*Id.*) Mabe now moves to dismiss the claims against him. (D.N. 7) For the reasons set forth below, the Court will grant Mabe's motion.

### I.     Background

The following facts are set forth in the complaint and taken as true for the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Plaintiffs were members of a road-construction crew assigned to work on Kentucky Highway 31 West in Meade County, Kentucky. (D.N. 1, PageID # 3) On September 24, 2017, Trooper Harrison drove through the work zone at a high rate of speed, despite the posted caution signs. (*Id.*) After the crewmembers yelled at Harrison to slow down, Harrison stopped and got out of his police car, creating a roadblock on the highway's south-bound lane. (*Id.*, PageID # 4) Harrison began screaming at and physically intimidating some of the crewmembers, including

1

Plaintiffs Gaddis, Johnson, and West. (*Id.*) At seeing Gaddis recording the incident on his cellphone, Harrison attacked Gaddis. (*Id.*, PageID # 5) He then punched Johnson. (*Id.*) At that point, Plaintiffs wrestled Harrison to the ground and called 911. (*Id.*) Thereafter, additional Kentucky State Troopers arrived, and Plaintiffs were apparently "made to stand in a line and [were] photographed." (*Id.*, PageID # 5–6) The Troopers then allowed Harrison to leave the scene, and interrogated Plaintiffs individually regarding the incident. (*Id.*, PageID # 6)

Plaintiffs bring this action against Harrison and Sergeant Mabe, seeking damages arising from the incident. (*See* D.N. 1) Mabe moves to dismiss the claims against him. (D.N. 7) Plaintiffs failed to respond to Mabe's motion nor have they requested leave to amend their complaint.[1] Plaintiffs' failure to respond may constitute abandonment of their claims against Mabe. *See Ctr. for Biological Diversity v. Rural Utils. Serv.*, No. 5:08–292–JMH, 2009 WL 3241607, at *3 (E.D. Ky. Oct. 2, 2009) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion." (citing *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008))); *see also* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion.").

## II. Standard

In order to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not shown that he is entitled to relief. *Id.* at 679.

---

[1] On May 24, 2018, the Court ordered Plaintiffs to respond to Mabe's motion by June 4, 2018. (D.N. 8) Despite the Court's Order, Plaintiffs have inexplicably failed to respond.

The complaint need not contain "detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [the Court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (citing *Twombly*, 550 U.S. at 555). Furthermore, "[w]hile a complaint will survive a motion to dismiss if it contains either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory . . . legal conclusions masquerading as factual allegations will not suffice." *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (internal quotations omitted).

### III.   Discussion

Plaintiffs allege that Mabe violated their constitutional rights by (i) illegally seizing and interrogating them following the incident and thereby denying them equal protection of the law, (ii) falsely arresting them, (iii) failing to properly train and supervise Trooper Harrison, and (iv) failing to enforce policies and customs regarding excessive force. (D.N. 1, PageID # 6–8)

**A. Illegal Seizure and Interrogation**

In their complaint, Plaintiffs assert that "[a]ction is also brought against . . . Mabe . . . for illegally seizing and interrogating [them]." (D.N. 1, PageID # 2)  Specifically, Plaintiffs allege:

> In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless seizure of Plaintiffs. The illegal and warrantless seizure set into motion a chain of events that led to an illegal use of excessive force by Trooper Harrison . . . and a violation of the Plaintiffs' Fourth, Fifth, and Fourteenth Amendment[] [rights] to the Constitution of the United States by their illegal seizure, interrogation, and unequal protection of law by Sergeant Mabe.

(*Id*., PageID # 7)  In support of their claim, Plaintiffs "incorporate by reference" the facts contained in their complaint's "Facts" section. (*Id*., PageID # 6)

3

In order to proceed with their claim, Plaintiffs must provide "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Plaintiffs have failed to satisfy their burden. Regarding the alleged illegal seizure and interrogation, Plaintiffs' Facts section merely states:

> When Kentucky State Troopers arrived, they requested the crew members to let Trooper Harrison up . . . . The crewmembers were made to stand and watch for approximately an[] hour . . . . The crewmembers were made to stand in a line and [were] photographed . . . . The crewmembers were then interrogated individually about their possible criminal actions.

(D.N. 1, PageID # 5–6) Besides its vague reference to other "State Troopers," the quoted passage contains no facts alleging that Mabe was personally involved in KSP's alleged seizure and interrogation of Plaintiffs. And it is not the Court's duty to conjure up unpled allegations. *See Bendzak v. N. Royalton Sch. Dist.*, 43 F. App'x 769, 769 (6th Cir. 2002). Plaintiffs have therefore failed to provide sufficient factual matter which would allow the Court "to infer more than the mere possibility of misconduct" on Mabe's part. *Iqbal*, 556 U.S. at 679. Rather, Plaintiffs merely present a formulaic allegation that Mabe illegally seized them. (D.N. 1, PageID # 7 ("The illegal and warrantless seizure . . . led to . . . a violation of the Plaintiffs' [rights] by their illegal seizure, interrogation, and unequal protection of law by Sergeant Mabe.")). Formulaic allegations do not suffice and the Court with thus dismiss Plaintiffs' illegal-seizure-and-interrogation claim against Mabe. *Id.* at 678; *see also Hernandez v. Biddix*, No. 3:12–0606, 2012 WL 5338760, at *1 (M.D. Tenn. Oct. 20, 2012) (dismissal warranted where "the John and Jane Doe Defendants are not mentioned in the recitation of the facts, and no explanation is provided as to how those individuals allegedly deprived Plaintiff of a constitutional right").

4

**B. False Arrest**

Plaintiffs' false-arrest claim against Mabe fails for similar reasons. In Count III of their complaint, Plaintiffs contend that "the Defendants" falsely arrested them without probable cause. (*Id.*, PageID # 8) However, Plaintiffs do not mention Mabe by name in Count III nor are there facts contained elsewhere in the complaint to indicate that Mabe was directly involved in Plaintiffs' arrests. (*See id.*) Indeed, the Facts section of the complaint fails to even state that Plaintiffs were arrested. (*Id.*, PageID # 3–6) The Court cannot find that Plaintiffs have stated a plausible false-arrest claim against Mabe given the absence of facts linking Mabe to the alleged arrests. *See Iqbal*, 556 U.S. at 679; *Struckman v. Village of Lockland*, No. 1:17-cv-543, 2017 WL 5004849, at *3 (S.D. Ohio Aug. 29, 2017) ("In the absence of any factual allegations specifically directed against these defendants, plaintiff has failed to state a claim for false arrest."). The Court will therefore dismiss Plaintiffs' false-arrest claim against Mabe.

**C. Supervisory Liability**

Plaintiffs also allege that Mabe failed to adequately train and supervise Trooper Harrison and to enforce policies pertaining to excessive force. (D.N. 1, PageID # 2, 7–8) Both allegations relate to Mabe's supervisory role as a KSP sergeant. A § 1983 claim "must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009)). In other words, supervisory liability "must be based on more than the right to control employees." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). As to a failure-to-train claim specifically, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either

5

encouraged the specific incident or misconduct or in some other way directly participated in it." *Moniz v. Cox*, 512 F. App'x 495, 499 (6th Cir. 2013) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

Here, Plaintiffs' complaint does not indicate that Mabe encouraged Harrison's conduct or in some other way directly participated in it. (*See* D.N. 1) As explained above, the complaint contains no facts that specifically implicate Mabe. (*See id.*) Moreover, the complaint indicates that Harrison's allegedly unconstitutional conduct occurred prior to the arrival of the other KSP personnel. (*Id.*, PageID # 5) Thus, even if the Court were to conclude that Mabe was one of the "Kentucky State Troopers" who arrived at the scene after the altercation, the complaint still fails to allege that Mabe "encouraged . . . or in some other way directly participated in" Harrison's behavior. *Colvin*, 605 F.3d at 292; *see also Ramage v. Louisville/Jefferson Cty. Metro Gov't*, 520 F. App'x 341, 348 (6th Cir. 2013) ("[The plaintiff] cannot prove supervisory liability under § 1983 . . . . [The supervisor] was not present when [the officers] secured [the plaintiff's] home and he did not instruct them as to the level of force they should employ."); *Anderson v. Hamblen Cty., Tenn.*, No. 2:05-CV-213, 2008 WL 542974, at *9 (E.D. Tenn. Feb. 25, 2008) ("[The supervisor] was not present . . . during this incident. Thus, he did not directly participate in the conduct."). Plaintiffs' failure-to-train theory of liability against Mabe therefore fails.

As to Mabe's alleged failure to enforce policies related to excessive force, "[Plaintiffs] must allege that [Mabe was] somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *See Wingo v. Tenn. Dep't of Corrs.*, 499 F. App'x 453, 455 (6th Cir. 2012). A supervisor may be liable for his inaction only where the failure to enforce policy "amounts to deliberate indifference to the rights of persons with whom [Kentucky State Troopers] come into contact." *Gailor v.*

*Armstrong*, 187 F. Supp. 2d 729, 733 (W.D. Ky. July 18, 2011) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

As explained above, Plaintiffs have failed to adequately allege that Mabe was personally involved in Harrison's allegedly unconstitutional behavior. In any event, Plaintiffs fail to provide any factual allegations to support their claim beyond a "formulaic recitation" that Mabe acted with deliberate indifference. *Twombly*, 550 U.S. at 555. (*See also* D.N. 1) This Court and others within this Circuit have consistently dismissed such bare-bones assertions of deliberate indifference. *See Cook v. Louisville/Jefferson County Metro Gov't*, No. 3:17-cv-471-DJH-DW, 2018 WL 523210 (W.D. Ky. Jan. 23, 2018); *Phillips v. PTS of Am., LLC*, No. 3:17-cv-00603-JHM, 2017 WL 4582801 (W.D. Ky. Oct. 13, 2017); *Sollenberger v. Sollenberger*, 173 F. Supp. 3d 608 (S.D. Ohio 2016); *Flanigan v. Cty. of Oakland*, No. 15-12504, 2016 WL 304763 (E.D. Mich. Jan. 26, 2016); *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931 (M.D. Tenn. 2012); *see also Pack v. City of Louisa Police Dep't.*, No. 05–23–HRW, 2006 WL 2349618 (E.D. Ky. Aug. 11, 2006) (dismissing the action at the summary judgment stage because of the plaintiff's conclusory attempts to allege deliberate indifference). Plaintiffs' failure-to-enforce theory of liability against Mabe therefore fails.

### IV. Conclusion

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Mabe's motion to dismiss (D.N. 7) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to terminate Jeremy Mabe as a defendant in the record of this matter.

7

(3)     Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to Magistrate Judge Colin H. Lindsay for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all nondispositive matters, including discovery issues.  Judge Lindsay is further authorized to conduct one or more settlement conferences in this matter.

June 7, 2018

**David J. Hale, Judge**
**United States District Court**